**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Proposed Counsel for Daryl Fred Heller, the Chapter*
*11 Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>      Debtor. | Case No. 25-11354 (JNP)<br><br>Chapter 11<br><br>Honorable Jerrold N. Poslusny, Jr. |
| DARYL FRED HELLER,<br><br>      Plaintiff,<br><br>v.<br><br>DEERFIELD CAPITAL, LLC, and ORRSTOWN BANK.<br><br>      Defendants. | Adv. Pro. No. 25-_____ (JNP) |

**COMPLAINT AGAINST DEERFIELD CAPITAL, LLC AND ORRSTOWN BANK TO ESTABLISH EXTENT, VALIDITY, AND PRIORITY OF JUDGMENT LIENS**

Plaintiff Daryl Fred Heller ("Mr. Heller" or "Plaintiff" or "Debtor"), by way of Complaint against Deerfield Capital, LLC ("Deerfield"), and Orrstown Bank ("Orrstown") (collectively the "Defendants"), hereby states and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

2. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001(2), 11 U.S.C. §§ 105, 506(a)(1), and 28 U.S.C. § 157(b)(2)(A), (B), (C), and/or (K).

3. The venue of this proceeding is in the District Court of New Jersey pursuant to 28 U.S.C. §1409(a).

## THE PARTIES

4. The Plaintiff is a Chapter 11 debtor who resides at 909 Greenside Drive, Lititz, Pennsylvania 17543 (the "PA Property"). The PA Property is jointly owned by the Debtor and his spouse. Orrstown holds a mortgage on the PA Property and is owed $1,550,000.

5. The Debtor also owns real property located at 7605 Pleasure Ave, Sea Isle, New Jersey 08243 (the "NJ Property").[1] Mr. Heller owns seventy-percent (70%)[2] of the NJ Property and Randall Leaman owns thirty percent (30%). The PA Property and NJ Property are collectively referred to as the "Properties."

6. Deerfield is a limited liability company formed and operating in the Commonwealth of Pennsylvania with a mailing address of 16 Deerfield Road, Lancaster, PA 17603.

7. Orrstown is a bank authorized to do business in the Commonwealth of Pennsylvania with an address at 77 East King Street, Shippensburg, PA 17257.

## FACTS

8. Mr. Heller filed his voluntary Chapter 11 bankruptcy case on February 10, 2025, bearing Case No. 25-11354 (JNP).

---

[1] Fulton Bank holds a mortgage on the NJ Property in the amount of $3,850,000.
[2] This is pursuant to an unrecorded Corrective Deed dated August 23, 2023.

**Deerfield Capital**

9. On or about April 11, 2024, Heller Capital Group, LLC ("Heller Capital"), as borrower, made, executed and delivered to Deerfield a Promissory Note in the amount of $5,900,000 (the "Note"). In order to provide funds under the Note, Heller Capital provided a Membership Pledge Agreement to Deerfield. Mr. Heller and Heller Investment Holdings, LLC ("Heller Investment"), are co-borrowers and guarantors of the Note.[3] Most notably, Deerfield does not hold a mortgage on the Properties nor does it have a duly perfected lien on the Debtor's cash or cash collateral.

10. Mr. Heller and Heller Capital defaulted under the Note. As a result, several forbearance agreements were executed, however, there are alleged defaults under the forbearance agreements.

11. Plaintiff and Heller Capital executed a Disclosure of Confession by Judgment. Judgement by Confession was entered on December 5, 2024. Deerfield has not yet domesticated its judgment in the State of New Jersey.

12. On April 19, 2024, Deerfield filed a UCC-1 (the "UCC-1 Filing") with the Pennsylvania Department of State against the Plaintiff. The collateral listing on the UCC-1 Filing claims "any and all direct or indirect ownership, equity and right to receive payments from Heller Investment Holdings, LLC, bearing the UCC initial filing number 20240419080855.

13. Deerfield limited the UCC-1 Filing to Heller Capital, failing to mention the NJ Property, PA Property or Debtor's personal assets.

---

[3] Mr. Heller is the President of Heller Capital and Heller Investments.

**Orrstown Bank**

14.     On or about January 16, 2025, Orrstown filed a Complaint in Confession of Judgment against Mr. Heller and his spouse, Charlene Heller ("Charlene"), in Lancaster County, Court of Common Pleas, Civil Division, bearing No. CI-25-00331.

15.     Plaintiff and Charlene executed a Guaranty and Surety Agreement unconditionally guaranteeing all liabilities and obligations of First Regents Holdings, LLC ("First Regents"), the borrower, Heller Capital Group, LLC, First Regents BancServices, LLC, Randall S. Leaman, Dennis F. Ream, Jr., to Orrstown, including obligations due under a loan made on July 1, 2020 made to First Regents in the amount of $3,749,561. Heller Capital owns eighty-three percent (83%) of First Regents.

16.     Orrstown alleges that the parties defaulted on their obligations to it.

17.     Orrstown entered judgment against the Debtor in the amount of Three Million, Fifty-Three Thousand, Two Hundred Forty-Four and 82/100 ($3,053,244.82) (the "First Judgment") on August 22, 2024, in Lancaster County, Court of Common Pleas, bearing case number CI-24-06081.

18.     Orrstown entered a judgment against the Plaintiff in the Court of Common Pleas of Lancaster County as case number CI-24-06401 in the amount of $305,293.13 (the "Second Judgment").

19.     Deerfield failed to file a UCC-1 or perfect its judgment lien regarding its First Judgment and Second Judgment (collectively the "Judgments") with the New Jersey Division of Revenue and Enterprise Services in accordance with Article 9 of the Uniform Commercial Code.

20. Orrstown has not domesticated the First Judgment and Second Judgment in the state of New Jersey, pursuant to the Uniform Enforcement of Foreign Judgments Act, N.J.S.A. 2A:49A-25.

21. Defendants have further failed to perfect any security interest in New Jersey by failing adequately to file UCC-1 financing statements or include the NJ Property and Debtor's personal assets with New Jersey Division of Revenue and Enterprise Services, as required by N.J.S.A. 12A:9-301.

22. Despite failing to properly perfect and domesticate its liens, the Defendants assert secured claims ("Defendants' Claims") in the Debtor's bankruptcy case, which impair the rights of other creditors and the bankruptcy estate.

23. The Defendants, in accordance with New Jersey, have not perfected their judgment liens. There has not been any execution or attempted execution and levy by the Sheriff against Debtor's property. No Writ of Execution was served on the Sheriff. No inventory of the Debtor's personal property was performed by the Sheriff. No foreclosure complaint was filed against the NJ Property which would be required to perfect a lien after a creditor attempts to execute and levy on personal property. Thus, for a variety of legal reasons, neither Deerfield or Orrstown have a duly perfected lien on the Debtor's personal or real property. Plaintiff disputes the extent, validity and priority of the Defendants' Judgments and liens and the UCC-1 Filing insofar as the Judgments and UCC-1 Filing are wholly unsecured. Accordingly, the Defendants only hold general unsecured claims.

4929-5786-1405, v. 1

## COUNT ONE
### (Determination of Extent, Validity and Priority of Liens
### 11 U.S.C. § 506(a)(1) and F.R.B.P. 7001(2))

24. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23, as if fully set forth herein.

25. N.J.S.A. 2A:49-25 requires foreign judgments be properly registered to receive recognition. Defendants' failure to register such judgments renders Defendants' Claims unsecured and unenforceable in New Jersey.

26. Judgments obtained in another jurisdiction yet not domesticated in New Jersey are unenforceable against Debtor's NJ Property and personal assets.

27. Defendants' Judgments, obtained in Pennsylvania but not domesticated in New Jersey, do not constitute liens and are unenforceable against Debtor's NJ Property and personal assets.

28. Orrstown failed to file UCC-1 financing statements with New Jersey Division of Revenue and Enterprise Services in accordance with Article 9 of the Uniform Commercial Code. Orrstown failed to perfect any security interest in Debtor's NJ Property and personal assets.

29. Deerfield failed to identify Debtor's NJ Property and personal assets as collateral in filed UCC-1 financing statement with New Jersey Division of Revenue and Enterprise Services in accordance with Article 9 of the Uniform Commercial Code. Deerfield failed to perfect any security interest in Debtor's NJ Property and personal assets.

30. Defendants' Judgments and UCC-1 Filing as lien claims should not be allowed against the Debtor's estate as it is unsecured.

31. The Defendants, in accordance with New Jersey, have not perfected their judgment liens. There has not been any execution or attempted execution and levy by the Sheriff against

4929-5786-1405, v. 1

Debtor's property.  No Writ of Execution was served on the Sheriff.   No inventory of the Debtor's personal property was performed by the Sheriff.  No foreclosure complaint was filed against the NJ Property which would be required to perfect a lien after a creditor attempts to execute and levy on personal property.

      **WHEREFORE**, the Plaintiff demands judgment be entered against Defendants as follows:

    a. Declaring that Defendants' Judgments and UCC-1 Filing liens are wholly general unsecured claims;

    b. The Judgments and UCC-1 Filing shall be cancelled and discharged of record; and

    c. Granting such other and further relief as this Court deems just and proper.

## COUNT TWO
### Declaratory Relief to Determine Status of Claim
**(11 U.S.C. § 506 and F.R.B.P. 7001(9))**

    32.    The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31.

    33.    Defendants cannot support the basis for the validity and extent of Defendants' Judgments and UCC-1 Filing as liens against the Property as they are wholly unsecured. The Judgments must be removed and cancelled of record.

    34.    The Defendants, in accordance with New Jersey, have not perfected their judgment liens.  There has not been any execution or attempted execution and levy by the Sheriff against Debtor's property.  No Writ of Execution was served on the Sheriff.   No inventory of the Debtor's personal property was performed by the Sheriff.  No foreclosure complaint was filed against the Property which would be required to perfect a lien after a creditor attempts to execute and levy on personal property.

4929-5786-1405, v. 1

35. Therefore, Plaintiff is entitled to an Order of this Court to determine that nature and extent of the Defendants' Claims and disallowing its secured status against the Debtor's estate.

**WHEREFORE**, Plaintiff demands judgment be entered against Defendant as follows:

a. Declaring that Defendants are unsecured creditors, whose claims are wholly general unsecured claims;

b. The Judgments and UCC-1 Filing shall be cancelled and discharged of record; and

c. Granting such other and further relief as this Court deems just and proper.

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Proposed Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession*

Dated: February 18, 2025       By:   /s/ *Sari B. Placona*
                                           Sari B. Placona