UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

In Re:

Case No.: _____

Adv. Pro. No.: _____

Chapter: _____

Subchapter V:  ❑ Yes  ❑ No

Hearing Date: _____

Judge: _____

## ADJOURNMENT REQUEST

1. I, _____,

   ❑ am the attorney for: _____,

   ❑ am self-represented,

   and request an adjournment of the following hearing for the reason set forth below.

   Matter: _____

   Current hearing date and time: _____

   New date requested: _____

   Reason for adjournment request: _____
   _____

2. Consent to adjournment:

   ❑ I have the consent of all parties.   ❑ I do not have the consent of all parties (explain below):
   _____
   _____

I certify under penalty of perjury that the foregoing is true.

Date: _____        _____
                                                                                Signature

**COURT USE ONLY:**

The request for adjournment is:

❑ Granted            New hearing date: _____        ❑ Peremptory

❑ Granted over objection(s)    New hearing date: _____    ❑ Peremptory

❑ Denied

> **IMPORTANT: If your request is granted, you must notify interested parties who are not electronic filers of the new hearing date.**

*rev.10/2021*

MARTIN J. WEIS, ESQUIRE
**DILWORTH PAXSON LLP**
1650 MARKET STREET, SUITE 1200
PHILADELPHIA, PA 19103
TELEPHONE: (215) 575-7000
FACSIMILE: (215) 575-7200
EMAIL: mweis@dilworthlaw.com
*Counsel for Orrstown Bank*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> DARYL FRED HELLER, <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-11354 (JNP) |
| In re: <br><br> DARYL FRED HELLER, <br><br> Plaintiff, <br><br> v. <br><br> DEERFIELD CAPITAL LLC and ORRSTOWN BANK <br><br> Defendants. | Adversary No. 25-01092 (JNP) |

**ADJOURNMENT REQUEST**

1.  **Reason for adjournment request:** The Chapter 11 Trustee was appointed in the bankruptcy case in October, 2026 and is continuing to familiarize himself with this and other matters in the case. In addition, the Trustee's motion to convert the case is scheduled for January 20, 2026 and its disposition may impact the identity of the Plaintiff in this adversary proceeding. If Mr. Stevens continues to serve as the Chapter 11 or 7 trustee after the motion to convert is decided, the parties to the adversary intend to have additional settlement discussions regarding it.

#125379994v1